JOHNSTON v. STATE. (No. 12144.)

Court of Criminal Appeals of Texas. Jan. 9, 1929.

Preston Martin, of Weatherford, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for transporting intoxicating liquor; punishment being two years in the penitentiary.

The sufficiency of the evidence is challenged. No other question is presented. On the night of February 7, 1928, it was reported to officers at Weatherford that a wreck had occurred about eleven miles out on the road towards Mineral Wells. Upon going to the place a Ford coupé was found in a creek at a culvert. The car was badly damaged. A strong odor of whisky was noticeable about it. Tracks were found leading south from the car through the culvert to a point a few steps away, where four and a half gallons of whisky were found secreted in some over-

flow trash. Some 30 feet north from the car the officers found some paper cartons and the remnants of six jars which were still damp with something which had the odor of whisky. Around the car was also found broken windshield glass and broken glass which looked like parts of fruit jars and also portions of paper cartons. On the morning of February 8th appellant appeared at a garage in Mineral Wells and reported that he had run his Ford car off a culvert on the Weatherford road, and secured the services of Mr. Whitlock, who in company of appellant went with a "wrecker" to the point already mentioned. When Whitlock got down to the wrecked car, he smelled liquor, and said to appellant, "Boy, seems to me like a whole lot of liquor been broke around here some place," to which appellant replied that he had about a pint with him when he left Fort Worth, had drunk some of it, and he thought maybe the rest of it "had got broke." Upon finding the four and a half gallons of whisky secreted in the drift, the officers removed all but a half gallon of it, after which they engaged in "watchful waiting." Mr. Whitlock pulled the car out of the branch and some 50 yards down the road, where he stopped. Appellant came back to the culvert, and looked down on the south side, from which point he could have seen the place where the four and a half gallons of whisky had been secreted, but did not go down to the place. It is appellant's contention that the facts proven do not comply with the requirements of the law where the state relies upon circumstantial evidence for conviction. This contention seems not well founded in the present case. The circumstances taken together seem to exclude every reasonable hypothesis save that of appellant's guilt.

The judgment is affirmed.